# COVINGTON

BEIJING   BRUSSELS   DUBAI   JOHANNESBURG   LONDON
LOS ANGELES   NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

*By Facsimile and ECF*

November 24, 2017

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007-1312
Facsimile:  (212) 805-7927

Re:    *Biola Daniel v. Tootsie Roll Industries, LLC*, 17 Civ. 07541 (NRB) (KNF)

Dear Judge Buchwald:

We write on behalf of defendant Tootsie Roll Industries, LLC ("Tootsie Roll") to request a conference in anticipation of Tootsie Roll's motion to dismiss plaintiff's Class Action Complaint ("CAC") and to strike plaintiff's nationwide class allegations.  Fed. R. Civ. P. 12(b)(6), 12(f).  This is a copy-cat case of similar cases in other jurisdictions concerning the same product, and is one of dozens of cases recently brought by plaintiff's counsel in New York concerning different products (other candies, deodorants, popcorn, potato chips, egg rolls, dietary supplements, wrap sandwiches).

In the CAC, plaintiff alleges that Tootsie Roll's 3.5-ounce box of Junior Mints contains "non-functional slack-fill."  CAC ¶ 6.  Plaintiff alleges that she was "deceived into deciding to purchase the Product, whose packaging misrepresented the quantity of candy contained therein." *Id.* ¶ 21.  On that basis, plaintiff asserts claims for deceptive trade practices and false advertising under New York General Business Law ("GBL") §§ 349 and 350, and for common law fraud, on behalf of a putative nationwide class, seeking injunctive relief and damages.

The CAC should be dismissed in its entirety.  *First*, plaintiff fails plausibly to allege that the empty space in the Junior Mints box does *not* serve one of the six functional purposes permitted under governing regulations.  *Second*, plaintiff fails plausibly to allege that a reasonable consumer would be materially misled by the packaging, which accurately discloses the weight and number of candy pieces inside.  *Third*, plaintiff fails to plead a cognizable injury—namely, that the price she paid for the Junior Mints was higher *as a result* of the empty space in the box.  Finally, even if the CAC is not dismissed, plaintiff's claim for injunctive relief should be dismissed and her nationwide class allegations should be stricken.

***Plaintiff Fails Plausibly To Allege That the Slack-Fill in the Junior Mints Box Is Nonfunctional.***  FDA and New York regulations permit the use of slack-fill for any one of six functional reasons, including (1) to protect the contents, (2) the requirements of the machines used to enclose the package, and (3) unavoidable product settling.  21 C.F.R. § 100.100(a); N.Y. AGRIC. & MKTS. LAW § 201(4); N.Y. GEN. BUS. LAW § 349(d).  Yet the CAC supplies no *facts*

Honorable Naomi Reice Buchwald
November 24, 2017
Page 2

explaining why the slack-fill in the Junior Mints box does *not* serve one of these purposes. Plaintiff concedes that "some of the Product's slack-fill maybe functional," CAC ¶¶ 5, 10, 14, but then asserts merely as a conclusion that "most is definitely non-functional," *id.* ¶ 5. Plaintiff does not allege that she investigated manufacturing processes and determined that the slack-fill is *not* due to the requirements of the packaging machines. Nor does she address the self-evident fact that fragile candies like Junior Mints, with their soft mint interiors, *see id.* ¶ 8 (photo), require additional slack-fill for protection. Plaintiff's bare assertion that "most [of the slack-fill] is definitely non-functional," *id.* ¶ 5, "do[es] not suffice for either Rule 8's plausibility standard or Rule 9's particularity standard for pleading." *Bush v. Mondelez Int'l, Inc.*, 2016 WL 7324990, *4 (N.D. Cal. Dec. 16, 2016) ("*Bush II*") (internal marks omitted); *see also Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 191 (S.D.N.Y. 2016); *O'Connor v. Henkel Corp.*, 2015 WL 5922183, at *9 (E.D.N.Y. Sept. 22, 2015).

Plaintiff attempts to show plausible nonfunctionality by alleging that other boxed candy has less slack-fill than Junior Mints. *See* CAC ¶¶ 7, 10-14, 33-34, 44, 47-48. But this theory—which ignores obvious facts that the other candies are less fragile, less prone to melt, and are manufactured by different companies at different packaging facilities—flies in the face of FDA guidance that "differences in the physical characteristics of a given product, including the need to protect the product from breakage, and precision of filling equipment result in a *high degree of variability in the level of functional slack-fill within commodity classes*." *Misleading Containers; Nonfunctional Slack-Fill*, 58 Fed. Reg. 2957-01, 2959, 1993 WL 1564 (Jan. 6, 1993) (emphasis added). Thus, comparisons with different products cannot satisfy plaintiff's pleading burden to allege facts by which the slack-fill for this particular product is nonfunctional.

***Plaintiff Fails Plausibly To Allege That a Reasonable Consumer Would Be Misled by the Slack-Fill in the Junior Mints Box.*** "Opaque containers with slack-fill at the top are common in the snack market." *Bush v. Mondelez, Int'l, Inc.*, 2016 WL 5886886, at *3 (N.D. Cal. Oct. 7, 2016) ("*Bush I*"). Thus, "no reasonable consumer expects the … overall size of the packaging to reflect directly the quantity of product contained therein." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 967 (9th Cir. 2016); *accord Bush I*, 2016 WL 5886886, at *3.

Moreover, the Junior Mints box discloses the precise quantity of candy inside—specifically (1) the net weight of the Junior Mints, (2) the serving size, and (3) the number of pieces of candy per serving. *See* CAC ¶¶ 10 (photo), 19, 57.[1] The presence of empty space is also obvious when handling it. This resolves "any potential ambiguity" about the amount of empty space in the box. *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015); *see, e.g.*, *Fermin v. Pfizer*, 215 F. Supp. 3d 209, 212 (E.D.N.Y. 2016) (pill-count "negate[s] any supposed 'reliance' on the size of the packaging"); *Ebner v. Fresh Inc.*, 2013 WL 9760035, at *8 (C.D. Cal. Sept. 11, 2013) (no deception given "accurate label stating the net quantity"), *aff'd*,

---

[1] The Court may consider more complete images of the Junior Mints packaging, including the nutrition label, on a motion to dismiss because the packaging is referenced throughout the CAC and is central to plaintiff's slack-fill claims. *See, e.g.*, *Kacocha v. Nestle Purina Petcare Co.*, 2016 WL 4367991, at *11-*12 (S.D.N.Y. Aug. 12, 2016).

Honorable Naomi Reice Buchwald
November 24, 2017
Page 3

838 F.3d 958, 967 (9th Cir. 2016); *Bush II*, 2016 WL 7324990, at *2 (deceptive packaging claim implausible because labels "disclose the net weight and number of cookies per container and consumers expect there to be some slack-fill in opaque snack containers"); *Bush I*, 2016 WL 5886886, at *3 (same); *Hawkins v. UGI Corp.*, 2016 WL 2595990, at *3 (C.D. Cal. May 4, 2016) (tank description not misleading because "consumer[s] can determine whether product remains by audibly sloshing remaining liquid around in the cylinder").

  ***Plaintiff Fails To Plead a Cognizable Injury.***  Plaintiff must allege that, "on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase."  *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015).  In other words, she must allege a "connection between the misrepresentation and [some] harm from, or failure of, the product."  *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999).  Here, plaintiff does not allege that the price she paid for the Junior Mints was higher *as a result* of the empty space in the box; she merely contends that she received less candy than she subjectively believed she bargained for.  *See* CAC ¶¶ 16, 32.  Such an allegation fails as a matter of law to plead a cognizable injury under GBL §§ 349 or 350 or common law fraud.  Judge McMahon dismissed a case brought by this plaintiff's counsel concerning Sour Patch candies on just this ground.  *See Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016).

  ***Plaintiff Lacks Standing To Seek Injunctive Relief.***  Plaintiff alleges that she "is no longer . . . able to rely on defendant's representations" (CAC ¶ 80)—*i.e.*, she will not purchase Junior Mints again, and if she does she certainly will not be surprised or deceived by the level of fill in the box.  Therefore, she is not subject to any real or immediate threat of future injury, and thus lacks standing to seek injunctive relief.  *See Izquierdo*, 2016 WL 6459832, at *5; *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 309-10 (S.D.N.Y. 2017).

  ***Plaintiff's Nationwide Class Allegations Should Be Stricken.***  By their terms, GBL §§ 349 and 350 apply only to conduct occurring "in this state"; thus, claims under these statutes cannot be pursued on behalf of a nationwide class of purchasers.  *See Szymczak v. Nissan N. Am., Inc.*, 2011 WL 7095432, at *12 (S.D.N.Y. Dec. 16, 2011).  New York's choice-of-law rules similarly require application of the common law of the state where the tort took place.  *See Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 236 (S.D.N.Y. 2002).  However, the "elements of fraud vary greatly from state to state," indicating that "a uniform substantive law of fraud cannot be applied to the claims of this purported nationwide class."  *Id.*; *see also In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 71 (S.D.N.Y. 2002).  Accordingly, in the event the CAC is not dismissed, plaintiff's nationwide class allegations should be stricken.

         Respectfully submitted,

         /s/ David W. Haller

         David W. Haller

cc: Plaintiff's Counsel
   (by Facsimile: (212) 465-1181)